IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TEWANNA J. SMITH, )<br>)<br>  Plaintiff )<br>)<br>  v. )<br>)<br>MICHAEL J. ASTRUE,[1] )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>  Defendant ) | Cause No. 3:05-CV-509 RM |

<u>OPINION AND ORDER</u>

Tewanna Smith seeks judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g). For the reasons that follow, the court vacates the Commissioner's decision and remands the case.

BACKGROUND

Ms. Smith alleges disability as of July 10, 2001 due to depression, bipolar disorder, post-traumatic stress disorder, chronic anxiety and an eating disorder. Her application for benefits was denied initially, on reconsideration, and following an administrative hearing, at which she was represented by counsel. At that

---

[1] Michael J. Astrue, the current Commissioner of Social Security, has been automatically substituted as the named defendant, pursuant to Fed. R Civ. P. 25(d)(1).

hearing, the administrative law judge heard testimony from Ms. Smith and a vocational expert, Joseph Thompson.

Using the standard sequential five-step evaluation outlined in 20 C.F.R. § 404.1520, the ALJ found that Ms. Smith had not engaged in substantial gainful activity since the alleged onset of disability; that she had severe mental impairments, including dysthymia, post-traumatic stress disorder, and personality disorder; and that her impairments did not met or medically equal any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. The ALJ found that Ms. Smith's allegations about her limitations were not totally credible; that she retained the residual functional capacity to perform simple repetitive tasks at any exertional level, in an environment with no contact with the public and no rapid pace work; and that she was unable to perform her past relevant work as a corrections officer, bartender, telemarketer, waitress and cashier. Relying on the vocational expert's testimony, the ALJ concluded that there were a significant number of jobs available that Ms. Smith still could perform given her age, education, work experience, and functional capacity (*i.e.*, janitor, food service worker, and laundry folder), and that she therefore was not disabled within the meaning of the Act. When the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner of Social Security. 20 C.F.R. §§ 404.955 and 404.981; <u>Fast v. Barnhart</u>, 397 F.468, 470 (7th Cir. 2005). This appeal followed.

Ms. Smith challenges the ALJ's assessment of her residual functional capacity. She contends that the ALJ's credibility assessment and analysis of conflicting medical opinions were materially flawed and unsupported by the evidence, that the ALJ mischaracterized evidence, failed to consider her physical limitations, and ignored an entire line of evidence favorable to her claim, specifically the opinion offered by a treating psychiatrist, Dr. Shah, and statements by her family and friends.

The Commissioner concedes that the ALJ didn't give an explicit explanation of his credibility finding, but contends that his acknowledgment of the relevant factors and his discussion of the evidence provide an adequate explanation of his finding. He also maintains that the ALJ's resolution of the conflicts between the opinions offered by Ms. Smith's treating psychiatrist, Dr. William Jones III, and consulting psychologists was reasonable and supported by the evidence; that the ALJ did not mischaracterize Ms. Smith's testimony or ignore statements by her friends and family; and that the ALJ was not required to accept Dr. Shah's conclusory opinion, citing Dixon v. Massanari, 270 F.3d 1171, 1177 (7th Cir. 2001) for the proposition that "a claimant is not entitled to disability benefits simply because her physician states that she is 'disabled' or unable to work."

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited. 42 U.S.C. § 405(g); Jones v. Shalala, 10 F.3d 522, 523 (7th Cir. 1993). The court must sustain

3

the ALJ's findings as long as they are supported by substantial evidence. 42 U.S.C. 405(g); Young v. Barnhart, 362 F.3d 995, 1001 (7th Cir. 2004); Scott v. Barnhart, 297 F.3d 589, 593 (7th Cir. 2002). "Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion." Young v. Barnhart, 362 F.3d at 1001. The court cannot substitute its judgment for that of the ALJ by reweighing the evidence, resolving factual conflicts in the record, or reconsidering credibility determinations that are not patently wrong. Young v. Barnhart, 362 F.3d at 1001; Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003); Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001); Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000).

## DISCUSSION

Residual functional capacity is an assessment of the work-related activities a claimant is able to perform despite the limitations imposed by an impairment or combination of impairments. Young v. Barnhart, 362 F3d at 1000; 20 C.F.R. § 404.1545(a)(1). Although final responsibility for deciding the issue of residual functional capacity and the ultimate issue of disability is reserved to the Commissioner, 20 C.F.R. § 404.1527(3) and Social Security Ruling 96-5p, the ALJ may not reject medical evidence without giving adequate reasons for doing so. Kangail v. Barnhart, 454 F.3d 627, 629 (7th Cir. 2006); Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000); Green v. Apfel, 204 F.3d 780, 781 (7th Cir. 2000).

4

A treating physician's medical opinion should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2).

> Obviously if it is well supported and there is no contradictory evidence, there is no basis on which the administrative law judge, who is not a physician, could refuse to accept it. Equally obviously, once well-supported contradicting evidence is introduced, the treating physician's evidence is no longer entitled to controlling weight.

Hofslein v. Barnhart, 439 F.3d 375, 376 (7th Cir. 2006). Failing an entitlement to controlling weight, social security regulations establish guidelines for the ALJ to apply in determining the weight to afford to these types of opinions. See 20 C.F.R. § 404.1527(d); Butera v. Apfel, 173 F.3d 1049, 1056-1057 (7th Cir. 1999). The ALJ must consider all of the following factors: (1) examining relationship; (2) treatment relationship (length, frequency, nature and extent); (3) supportability (i.e., medical signs, laboratory findings, and explanation for the opinion); (4) consistency with the record as a whole; (5) specialization of the medical source; and (6) other factors (i.e., amount of understanding of disability programs and their evidentiary requirements, extent to which medical source is familiar with the other information in the claimant's record). 20 C.F.R. § 404.1527(d). "[B]ecause nonexamining sources have no examining or treating relationship with [the claimant[, the weight [the ALJ] will give their opinions will depend on the degree to which they provide supporting explanations for their opinions." 20 C.F.R. § 1527(d)(3).

5

In assessing Ms. Smith's residual functional capacity and credibility, the ALJ gave no weight to the opinions offered by Ms. Smith's long-term treating psychiatrist, Dr. William Jones III; didn't address the diagnostic impressions of Dr. Shah, a treating psychiatrist who opined that Ms. Smith suffered from bipolar disorder and severe depression and was unable to work; and relied extensively on opinions offered by agency consulting psychologists and Dr. Gregory Hale, a psychologist who evaluated Ms. Smith on March 11, 2002 for the sole purpose of determining her psychological capacity to perform the essential duties of her job as a juvenile correctional officer. The ALJ recited the applicable standard in deciding the weight to be given any medical opinion, but doesn't appear to have applied all of the relevant factors to all of the medical opinions.

The ALJ rejected Dr. Jones' opinions in their entirety because they weren't supported by medical findings (i.e., treatment notes) and were inconsistent with other medical evidence of record (the opinions offered by the agency's consulting psychologist and Dr. Hale). If the ALJ considered the disparity between the medical sources with respect to the examining and treating relationships and their specializations, it wasn't evident from his decision. He found fault with Dr. Jones not providing his treatment notes to support his opinions regarding Ms. Smith's diagnosis, the severity of her mental impairments, and resulting inability to work, but didn't identify or discuss the supportability of the opinions offered by the agency consulting psychologists or consider the limited purpose for which Dr. Hale's evaluation was conducted. The ALJ found that Dr. Jones' opinions were

6

inconsistent with "everything in the record", but ignored the opinion of a concurring treating psychiatrist, Dr. Shah. The Commissioner contends that the ALJ wasn't required to accept such a conclusory opinion. That may be true, but he may not simply ignore testimony that is contrary to his decision. Diaz v. Chater, 55 F.3d 300, 307 (7th Cir. 1995). His decision must demonstrate the path of his reasoning, and the evidence must lead logically to his conclusion. Rohan v. Chater, 98 F.3d 966, 971 (7th Cir. 1996). The ALJ did not meet that burden in Ms. Smith's case.

An assessment of Ms. Smith's credibility is inherent in the ALJ's residual functional capacity analysis. Scheck v. Barnhart, 357 F.3d 697, 702 (7th Cir. 2004). Credibility is determined in light of the "entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual and any other relevant evidence in the case record." Id. An ALJ's credibility determination is entitled to deference as long as it is supported by substantial and convincing evidence, Sims v. Barnhart, 442 F.3d 536, 537 (7th Cir. 2006); Jens v. Barnhart, 347 F.3d 209, 219 (7th Cir. 2003), but the court has greater freedom to reassess credibility determinations when they rest upon "objective factors and fundamental implausibilities," rather than subjective determinations.  Herron v. Shalala, 19 F.3d 329, 335 (7th Cir. 1994).

In determining whether Ms. Smith retained the residual functional capacity to perform any type of substantial gainful employment, the ALJ acknowledged the need to consider "all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. 404.1529 and 416.929, and Social Security Ruling 96-7p." But there's little evidence that he actually applied those requirements. He simply stated that:

> The claimant alleged that she is unable to work because she can't handle stree and can't cope with people. The file includes several letters from friends and relatives of the claimant, who support her claim...but the Administrative Law Judge is not convinced that these impairments make it impossible for her to work.

(A.R. 20).

The Commissioner contends that the ALJ's acknowledgment of the relevant factors and his discussion of the evidence provide an adequate explanation of his finding. The court disagrees. The ALJ may have found that Ms. Smith's testimony was "not totally credible" because it wasn't supported by objective medical evidence (once Dr. Jones' medical opinions were rejected) and was inconsistent with the agency consulting psychologists' and Dr. Hale's opinion that she could work and her daily activities. But the court has previously determined that the ALJ's analysis of the medical evidence in this case was inadequate and unsubstantiated. To the extent his credibility determination relies on that analysis, it too is materially flawed.

The ALJ must evaluate subjective complaints in light of all the evidence, including such things as the claimant's work history, medical evidence, testimony, demeanor, daily activities, medications, nature and frequency of pain, and other aggravating factors. See id.; S.S.R. 96-7p; see also Pope v. Shalala, 998 F.2d 473, 485-486 (7th Cir. 1993). He cannot simply recite the factors in his decision and make conclusory statements about the claimant's credibility. Zurawski v. Halter, 245 F.3d at 887; Social Security Ruling 96-7p. He must apply those factors to the evidence and build an "accurate and logical bridge from the evidence to his conclusions." Scott v. Barnhart, 297 F.3d 589, 595 (7th Cir. 2002). He hasn't done so in this case.

The final errors ascribed to the ALJ are his alleged mischaracterization of Ms. Smith's testimony regarding the number of her panic attacks and his failure to consider her physical limitations in determining residual functional capacity. The discussion about Ms. Smith's other assertions of error makes these issues moot.

CONCLUSION

The decision of the Commissioner of Social Security is VACATED and the case is REMANDED for further proceedings.

SO ORDERED.

ENTERED:  September 28, 2007

	/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court